*NOT FOR PUBLICATION

ECF No. 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| SAMUEL S. JAMES, | : | Civ. Action No. 22-6081 (RMB) |
| Petitioner | : | |
| v. | : | **OPINION** |
| BRUCE DAVIS, et al., | : | |
| Respondents | : | |

RENÈE MARIE BUMB, CHIEF UNITED STATES DISTRICT JUDGE

This matter comes before the Court upon Petitioner Samuel S. James' petition for writ of habeas corpus under 28 U.S.C. § 2254 (Pet., Dkt. No. 1), and Respondents' motion to dismiss the habeas petition as untimely pursuant to 28 U.S.C. § 2244(d). (Mot. to Dismiss, Dkt. No. 6). For the reasons set forth below, this Court will grant Respondents' motion to dismiss.

I.     PROCEDURAL HISTORY

On September 19, 2017, judgment of conviction was entered against Petitioner upon his guilty plea to first degree murder,[1] and he was sentenced by the Honorable

---

[1] The Judgment of Conviction is available electronically at the New Jersey Courts Public Access, Criminal Cases: PROMIS Gavel Public Access. https://portal.njcourts.gov/webe41/ExternalPGPA/.

Jeanne T. Covert in the New Jersey Superior Court, Burlington County, Law Division to a thirty-year term of imprisonment, with a 30-year period of parole ineligibility. (Transcript of Hearing, Dkt. No. 6-6 at 17.) Petitioner filed a notice of appeal on November 15, 2017. (Notice of Appeal, Dkt. No. 6-7.) Petitioner's appeal was denied on February 8, 2018. (Appellate Division Order, Dkt. No. 6-10.) On March 28, 2018, Petitioner filed a petition for post-conviction relief. (PCR Pet., Dkt. No. 6-11.) The PCR petition was denied on June 18, 2019. (PCR Court Order, Dkt. No. 6-15.) On September 26, 2019, Petitioner filed a notice of PCR appeal and motion to appeal as within time. (Notice of Appeal, Dkt. No. 6-16.) The Appellate Division granted the motion to appeal as within time on October 10, 2019. (Appellate Division Order, Dkt. No. 6-17.) On July 1, 2021, the Appellate Division affirmed the denial of petitioner's PCR petition. (Appellate Division Order, Dkt. No. 6-18.) On July 6, 2021, Petitioner filed a petition for certification in the New Jersey Supreme Court. (Pet. for Certif., Dkt. No. 6-19.) On November 16, 2021, the New Jersey Supreme Court denied the petition. (N.J. Supreme Court Order, Dkt. No. 6-20.) Pursuant to the prison mailbox rule,[2] on October 10, 2022, Petitioner filed a petition for writ of habeas corpus under § 2254, alleging the petition was timely filed. (Pet. for Certif., Dkt. No. 1 at 13-14.)

---

[2] "[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

## II.     DISCUSSION

Respondents submit that this Court should dismiss Petitioner's habeas petition because it was filed beyond the 1-year time limitation under 28 U.S.C. § 2244(d). (Mot. to Dismiss, Dkt. No. 6.)  The Superior Court of New Jersey, Appellate Division denied Petitioner's direct appeal on February 8, 2018, and Petitioner did not file a petition for certification in the New Jersey Supreme Court within the allotted 20-day period under New Jersey Court Rule 2:12-3(a).  Therefore, the 1-year statute of limitations started to run on February 28, 2018.  Petitioner did not file his PCR petition until March 28, 2018.  Therefore, 29 days of the 1-year limitations period expired.

After the PCR court denied the PCR petition on June 18, 2019, Petitioner did not file a notice of appeal within the 45-day period permitted under New Jersey Court Rule 2:4-1(a)(2), and the period to properly file a PCR appeal ended on August 2, 2019.  Petitioner filed a motion to file a notice of appeal as within time on September 26, 2019.  (Dkt. No. 6-15.)  On October 10, 2019, the Appellate Division granted Petitioner's motion to appeal as within time.  (Dkt. No. 6-16.)  The habeas limitations period for 55 days from August 2, 2019 through October 10, 2019.  It was tolled through November 16, 2021, when the New Jersey Supreme Court denied Petitioner's petition for certification.  Respondents submit that 89 days lapsed on the statute of limitations as of November 16, 2021, leaving Petitioner with 276 days, from that date, to file a timely habeas petition.  Instead, Petitioner filed his petition

on October 10, 2022, 328 days later.  As a result, Petitioner filed his petition 52 days out of time.  Petitioner did not file a response to Respondents' motion to dismiss.

### A.  Legal Standard

The statute of limitations period for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 is set forth in 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"Under § 2244(d)(1)(A), a state court criminal judgment becomes 'final,' and the statute of limitations begins to run, 'at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires.'" *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999) (quoting *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999)). "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." *Kapral*, 166 F.3d at 577 (citing § 2244(d)(1)). If a habeas petitioner does not file an appeal with the highest state court, the 90-day time period to seek a writ of certiorari from the U.S. Supreme Court does not extend the finality of a direct appeal. *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012).

The tolling provision of § 2244(d)(2) excludes time during which a properly filed state PCR petition is pending but does not reset the date from which the 1-year habeas limitations period begins to run. *Johnson v. Hendricks*, 314 F.3d 159, 161-62 (3d Cir. 2000), *cert. denied*, 538 U.S. 1022 (2003). The tolling provision of § 2244(d)(2) looks forward rather than backward. *Martin v. Adm'r New Jersey State Prison*, 23 F.4th 261, 271 (3d Cir.), *cert. denied sub nom. Martin v. Johnson*, 143 S. Ct. 257 (2022). Therefore, a petitioner's PCR proceedings are no longer pending "at the expiration of time in which to file a timely PCR appeal[.]" *Id.* "While it is true that a state court's acceptance of an untimely appeal breathes new life into the state PCR proceeding—and may at that point trigger § 2244(d)(2)'s tolling mechanism … it does

not resuscitate the PCR petition for the period in which it was, for all practical purposes, defunct." *Id.*

In New Jersey, a petitioner has 20 days from the Appellate Division's denial of a PCR petition to file a petition for writ of certiorari in the New Jersey Supreme Court. N.J. R.A.R. 2:12-3. "After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open." *Lawrence v. Fla.*, 549 U.S. 327, 332 (2007). Therefore," § 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for certiorari." *Id.*

**B.     Analysis**

The record demonstrates the habeas petition was untimely filed. Under § 2244(d)(1)(A), "[t]he limitation period shall run from … the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" Petitioner's direct review became final upon the expiration of 20-day period to file a timely petition for certification in the New Jersey Supreme Court, which period ran from February 20, 2018 through February 28, 2018. The 1-year habeas limitations period was triggered on February 28, 2018.

Petitioner filed a petition for post-conviction relief on March 28, 2018, which tolled the statute of limitations period pursuant to § 2244(d)(2). Between March 1, 2018 and March 28, 2018, 27 days of the 1-year limitations period ran.[3] Thus, as of March 28, 2018, Petitioner had 338 days remaining in the limitations period.

---

[3] Under Federal Rule of Civil Procedure 6(a)(1), which generally governs the computation of a statute of limitations, the day of the event that triggers the period is excluded; after which

Petitioner's PCR petition was pending through June 18, 2019, when the PCR court denied the petition, and for the subsequent 45-day period that Petitioner was permitted to file a timely notice of appeal under New Jersey Court Rule 2:4-1(a)(2). The 45-day period to appeal expired on August 2, 2019, and triggered the running of the habeas limitations period. On September 26, 2019, Petitioner filed a motion to file an appeal as within time, and because the Appellate Division granted this motion on October 10, 2019, Petitioner's notice of appeal is treated as properly filed on September 26, 2019. *See Thompson*, 701 F. App'x at 124 (3d Cir. 2017) ("The Supreme Court's acceptance of Thompson's motion as timely is an important indication that the motion was properly filed. Thus, we will exclude the time between the request to consider the … motion as within time and the decision to accept the motion as timely" (internal quotation marks and quotation omitted).

Between August 2, 2019 and September 26, 2019, 55 days of the habeas limitations period ran, leaving Petitioner with 283 days to timely file his habeas petition. Petitioner's PCR appeal remained pending through November 16, 2021, when the New Jersey Supreme Court denied Petitioner's petition for certification. This triggered the running of the limitations period, counting from November 17, 2021, and expiring 283 days later, on Saturday, August 27, 2022. Under Fed. R. Civ. P. 6(a)(1)(C), the date is extended until Monday, August 29, 2022. Petitioner filed his habeas petition, pursuant to the prison mailbox rule, on October 10, 2022, after the

---

every day is counted, including intermediate Saturdays, Sundays, and legal holidays; and the last day of the period is included, unless it is a Saturday, Sunday, or legal holiday.

limitations period expired. Petitioner did not file a reply brief or otherwise offer any basis for equitable tolling.[4]  Therefore, the Court will grant Respondent's motion to dismiss.

### III.  CERTIFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Reasonable jurists would not find debatable this Court's ruling that the statute of limitations under 28 U.S.C. §

---

[4] In his habeas petition, Petitioner stated that New Jersey Supreme Court denied his petition for certification on November 29, 2017, referencing Exhibit A.  However, no exhibits were filed with the petition.  This date must be incorrect because it precedes the Appellate Division's denial of Petitioner's direct appeal on February 8, 2018.

2244(d) expired before Petitioner filed his petition for writ of habeas corpus under 28 U.S.C. § 2254. Accordingly, no certificate of appealability shall issue at this time.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Respondents' motion to dismiss the habeas petition because the petition is barred by the statute of limitations under 28 U.S.C. § 2244(d), and Petitioner failed to establish any basis for equitable tolling.

An appropriate order follows.

Date: **November 9, 2023**

                                            s/Renée Marie Bumb
                                            **RENÉE MARIE BUMB**
                                            United States District Judge